## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| SPREAD SPECTRUM SCREENING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:1:10-CV-01101 |
| | ) | |
| EASTMAN KODAK COMPANY; | ) | Judge Robert W. Gettleman |
| HEIDELBERG USA, INC.; HAFNER | ) | |
| PRINTING COMPANY, INC.; | ) | Magistrate Judge Nan R. Nolan |
| CONTINENTAL WEB PRESS, INC.; | ) | |
| GRAPHIC PARTNERS, INC.; GENESIS | ) | **Jury Trial Demanded** |
| PRESS, INC.; and JOHN-BYRNE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### EASTMAN KODAK COMPANY'S ANSWER, ADDITIONAL DEFENSES AND COUNTERCLAIMS

Defendant Eastman Kodak Company ("Kodak") hereby responds to the Complaint for Patent Infringement ("Complaint") filed by Spread Spectrum Screening LLC ("Spread Spectrum").

### ANSWER

Kodak answers and avers as follows, the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint.

### SUBJECT MATTER JURISDICTION

1.      Kodak admits that the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States. Kodak admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a). Plaintiff fails to adequately allege jurisdiction pursuant to 28 U.S.C. §1332. Kodak lacks knowledge sufficient to confirm or deny

the existence of diversity of citizenship.  Kodak lacks knowledge sufficient to confirm or deny

that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, necessary for the Court to have subject matter jurisdiction under 28 U.S.C. §1332.

### THE PATENT-IN-SUIT: U.S. PATENT NO. 5,689,623

2. Kodak admits that U.S. Patent No. 5,689,623 ("the '623 patent") is entitled

"Spread Spectrum Digital Screening," and that the cover of the patent indicates that it issued on

November 18, 1997.  Kodak further admits that a purported copy of the '623 patent was attached

to the Complaint.  In all other respects, Kodak denies the allegations.

3. The '623 patent speaks for itself, and Kodak denies the allegations in this

paragraph to the extent they purport to attribute to the '623 patent anything not explicitly stated

therein.

4. Denied.

5. Denied.

6. Denied.

7. Kodak lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

8. Kodak lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

9. Admitted.

10. Denied.

11. Kodak lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

12.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

**PARTIES**

16.     Kodak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

17.     Admitted.

18.     Admitted.

19.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

20.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

21.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

22.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

23.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

24.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

25.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

## PERSONAL JURISDICTION

### *Kodak*

26.     Admitted.

27.     Kodak admits that it leases one place of business in this judicial district.  In all other respects, Kodak denies the allegations.

28.     Kodak admits that certain Kodak products are sold in this judicial district.  In all other respects, Kodak denies the allegations.

29.     Admitted.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Admitted.

### *Heidelberg*

35.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

36.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

37.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

38.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

39.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

40.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

41.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

42.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

### *Defendants Hafner Printing Company, Inc., Continental Web Press, Inc., Graphic Partners, Inc., Genesis Press, Inc. and Johns-Byrne Company*

43.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required,

Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

44.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

## CLAIMS FOR RELIEF AGAINST KODAK

45.     Kodak incorporates its responses to paragraphs 1 to 44 of the Complaint as though fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

## CLAIMS FOR RELIEF AGAINST HEIDELBERG

57.     Kodak incorporates its responses to paragraphs 1 to 56 of the Complaint as though fully set forth herein.

58.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

59.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

60.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

61.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

62.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

63.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required,

Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

64.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

### CLAIMS FOR RELIEF AGAINST HAFNER PRINTING COMPANY, INC., CONTINENTAL WEB PRESS, INC., GRAPHIC PARTNERS, INC., GENESIS PRESS, INC. AND JOHNS-BYRNE COMPANY

65.     Kodak incorporates its responses to paragraphs 1 to 64 of the Complaint as though fully set forth herein.

66.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

67.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

68.     This paragraph is directed to a Defendant other than Kodak and therefore no response from Kodak is required.  To the extent a response is nonetheless deemed to be required, Kodak lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

## PLAINTIFF'S REQUEST FOR RELIEF

Kodak denies that Spread Spectrum is entitled to the relief sought in their Request for Relief or any relief whatsoever.

## ADDITIONAL DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following, Kodak alleges as follows:

### FIRST ADDITIONAL DEFENSE - NONINFRINGEMENT

1.      Kodak has neither directly infringed, contributed to the infringement of, nor actively induced others to infringe – either literally or under the doctrine of equivalents – any valid and enforceable claim of the '623 patent.

### SECOND ADDITIONAL DEFENSE - INVALIDITY

2.      The claims of the '623 patent are invalid for a failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE – LACHES

3.      Spread Spectrum's claims are barred, in whole or part, by the doctrine of laches.

### FOURTH ADDITIONAL DEFENSE – FAILURE TO MARK

4.      To the extent that Spread Spectrum, and alleged predecessors in interest to the '623 patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Kodak's actions allegedly infringed the '623 patent, Kodak is not liable to Spread Spectrum for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '623 patent.

## FIFTH ADDITIONAL DEFENSE – NO IRREPARABLE HARM

5.      Spread Spectrum is not entitled to injunctive relief against Kodak because any alleged injury to Spread Spectrum would not be immediate or irreparable, and Spread Spectrum would have an adequate remedy at law.

## COUNTERCLAIMS

Counterclaim-Plaintiff Eastman Kodak Company ("Kodak") asserts the following counterclaims against Counterclaim-Defendant Spread Spectrum Screening ("Spread Spectrum").  Kodak claims and avers as follows:

## THE PARTIES

1.      Kodak is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Rochester, New York.

2.      On information and belief, Spread Spectrum is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## JURISDICTION

3.      This is a counterclaim arising under the federal patent laws, Title 35 of the United States Code, for a declaratory judgment of the noninfringement and invalidity of the United States Patent No. 5,689,623 ("the '623 patent").

4.      Spread Spectrum claims to be the owner of the '623 patent, and has charged Kodak of infringement thereof.  Kodak has denied the charge of infringement and has alleged that the claims of the '623 patent are invalid.

5.      There is an actual and justiciable controversy between Kodak and Spread Spectrum with respect to infringement and validity of the '623 patent.

6.      The court has subject matter jurisdiction based on 28 U.S.C. §§ 1338, 2201, and 2202.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

8.      The allegations set forth in paragraphs 1 to 5 of the Additional Defenses and paragraphs 1 to 7 of the Counterclaims are hereby incorporated by reference as if set forth here in full.

9.      Kodak has neither directly infringed, contributed to the infringement of, nor actively induced others to infringe – either literally or under the doctrine of equivalents – any valid and enforceable claim of the '623 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

10.     The allegations set forth in paragraphs 1 to 5 of the Additional Defenses and paragraphs 1 to 9 of the Counterclaims are hereby incorporated by reference as if set forth here in full.

11.     The claims of the '623 patent are invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35 United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## JURY DEMAND

Kodak demands that all issues of fact in the Complaint and Counterclaims be tried by jury.

## KODAK'S REQUEST FOR RELIEF

WHEREFORE, Kodak respectfully requests that the Court grant the following relief:

A.    That the Complaint be dismissed with prejudice;

B.    That Spread Spectrum be denied of any and all relief for any claim in its Complaint;

C.    That judgment be entered that the '623 patent is invalid and not infringed by Kodak;

D.    That Kodak be awarded its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

E.    That Kodak be awarded its costs in connection with this action; and

F.    That an order be entered for such other and further relief that the Court deems just and proper.


Date:  May 5, 2010                     Respectfully submitted,

                                       /s/Robin K. Powers
                                       *Attorneys for Defendant Eastman Kodak Company*


Robin K. Powers
Kenneth Taube
Rothschild, Barry & Myers LLP
55 West Monroe Street, Suite 3900
Chicago, IL 60603
(312) 372-2345

Jeffrey D. Sanok
Brian M. Koide
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500
jsanok@crowell.com
bkoide@crowell.com

R. Scott  Feldmann
Jonathan M. Lindsay
CROWELL & MORING, LLP
3 Park Plaza
20th Floor
Irvine, CA 92614-8505
(949) 263-8400
sfeldmann@crowell.com
jlindsay@crowell.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2010, I caused the foregoing documents to be filed electronically with the Clerk of the Court through ECF and served electronically through ECF upon the attorneys of record.

                /s/ Robin K. Powers