# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SPREAD SPECTRUM SCREENING LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION No. 1:10-cv-01101 |
| v. | ) ) | Judge Robert W. Gettleman |
| EASTMAN KODAK COMPANY; HEIDELBERG USA, INC.; HAFNER PRINTING COMPANY, INC.; CONTINENTAL WEB PRESS, INC.; GRAPHIC PARTNERS, INC.; GENESIS PRESS, INC.; and JOHNS-BYRNE COMPANY, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Nan R. Nolan |
| Defendants. _____ | ) ) ) | |
| JOHNS-BYRNE COMPANY, | ) ) | |
| Crossclaimant, | ) ) | |
| v. | ) ) | |
| JOHNS-BYRNE COMPANY, | ) ) | |
| Crossdefendant. _____ | ) ) | |

Initial Status Report

The parties to this action have met and conferred and submit the following report:

   A. This matter is set for a status report before the Court on May 13, 2010 at 9 am.

   B. The parties are represented by (* represents lead trial attorney):

      1. Spread Spectrum Screening LLC: James Ryndak, Mark Weimers, and Mark Suri of Ryndak and Suri LLP, and Chad Ennis, Adam Floyd*, Joseph Gray, and Nicholas Schuneman of Floyd & Buss, LLP.

      2. Eastman Kodak Company ("Kodak"): Jeffrey D. Sanok, Brian M. Koide*, R. Scott Feldmann, and Jonathan M. Lindsay of Crowell & Moring LLP and Robin K. Powers of Rothschild, Barry & Myers LLP.

   3. Heidelberg USA, Inc.: Daniel I. Schlessinger, John F. Sweeney*, Steven F. Meyer, and Sergey Kolmykov of Locke Lord Bissell & Liddell LLP.

   4. Hafner Printing Company, Inc.: Daniel I. Schlessinger, John F. Sweeney, Steven F. Meyer*, and Sergey Kolmykov of Locke Lord Bissell & Liddell LLP.

   5. Continental Web Press, Inc. ("Continental"): R. David Donoghue* and J. Mitchell Herbert, Jr. of Holland & Knight LLP.

   6. Graphic Partners, Inc. ("Graphic Partners"): Michele S. Katz* of Husch Blackwell Sanders LLP Welsh Katz.

   7. Genesis Press, Inc. ("Genesis"): Daniel I. Schlessinger, John F. Sweeney, Steven F. Meyer*, and Sergey Kolmykov of Locke Lord Bissell & Liddell LLP.

   8. Johns-Byrne Company ("Johns-Byrne"): John H. Ward, Adam Sacharoff, Anthony C. Valiulis*, and Cassandra M. Crane of Much Shelist.

C. Federal jurisdiction is based upon federal question, diversity of citizenship, and because the action arises under United States patent law. *See* 28 U.S.C. §§ 1331, 1332, and 1338(a).

D. Kodak, Graphic Partners, Continental, and Johns-Byrne have demanded a jury. The other parties have not demanded a jury.

E. Nature of claims asserted in the complaint:

   Spread Spectrum Screening has asserted that the defendants infringe various claims of US Patent No. 5,689,623 entitled "Spread Spectrum Digital Screening" as issued to Adam Pinard on November 18, 1997 by making, using, selling, and/or importing second order stochastic screens satisfying the limitations of at least one claim of the '623 patent including, at least, Kodak Staccato, Heidelberg Satin, Heidelberg Prinect Stochastic, and Heidelberg Prinect Stochastic II screens (collectively "the alleged infringing products"). The patent generally claims digital screening masks, methods of using digital screening masks, systems for digital screening and binary reproductions having particular characteristics. Digital screening masks are used to reproduce continuous tone images (such as pictures) and create half-tone representations of the pictures. Plaintiff alleges that the defendants make, sell, use, and/or import the accused digital screening masks, methods, systems and half-tone reproductions. Plaintiff also alleges that at least Kodak's infringement was and is willful.

   Counterclaims and affirmative defenses:

   The Defendants have alleged that none of the alleged infringing products, the use of any alleged infringing product, and any product resulting from the use of any alleged infringing product infringes any of the asserted claims of the '623 patent. The Defendants have also alleged that the asserted claims of the '623 patent are

invalid under 35 U.S.C. §§101, 102, 103 and/or 112. The Defendants reserve the right to move the Court to amend their Answers to assert additional counterclaims and affirmative defenses of invalidity, unenforceability and/or patent misuse based on evidence uncovered during discovery.

Cross-Claim

Johns-Byrne has filed a cross-claim against Kodak seeking to compel Kodak to indemnify Johns-Byrne for costs, including attorney fees, incurred by Johns-Byrne in this case, both heretofore and in the future; plus judgment for such costs and attorney fees incurred to date; a declaratory judgment that Kodak must also bear those costs and attorney fees in the future; and a declaratory judgment that Kodak must also bear the cost of any judgment that may be entered in this case against Johns-Byrne.

F. Spread Spectrum seeks damages adequate to compensate for the alleged violation of its patent rights in an amount of no less than a reasonable royalty for the use made of the invention. Spread Spectrum further seeks that case be declared exceptional, due, at least in part, to Kodak's willful infringement of the patent in suit and that the Defendants be required to pay Spread Spectrum's reasonable attorney's fees and costs and that damages be trebled.

The Defendants seek their reasonable attorney fees pursuant to 35 U.S.C. §285 because Spread Spectrum's assertion of the '623 patent against the Defendants allegedly renders this case "exceptional."

G. All parties to this action have been served.

H. The principle legal issues will be of the type encountered in typical patent cases, including infringement, invalidity, and damages.

I. The principle factual issues will be the structure and operation of the defendants' accused products, the disclosure of prior art references, the understanding of a person of ordinary skill based on, *inter alia*, the disclosure of those prior art references, and, if liability is proved, a calculation of a reasonable royalty for the defendant's use of the invention.

J. Kodak has filed a motion (Dkt. No. 82). Johns-Byrne, Graphic Partners, Continental, and Johns-Byrne have joined and/or moved to join Kodak's Motion (Dkt. Nos. 91, 94, and 95, respectively). Genesis has filed a concurrence in Kodak's Motion to, inter alia, stay (Dkt. No. 96). The Parties may move to amend their pleadings as appropriate if supporting evidence is uncovered during discovery. Other than these motions, the parties do not anticipate motions other than motions for claim construction and summary judgment.

K. See also filed "Report of the Parties' Planning Meeting." Discovery has not yet opened, thus no discovery has been taken.

L. The parties can be ready for trial by January 2012. The parties expect to be able to complete the trial in one week.

M. There have been initial settlement discussions between the parties, but due to the early stage of the case, the talks have not advanced. The plaintiff believes that early mediation with the printer defendants (i.e., Hafner Printing Company, Inc.; Continental Web Press, Inc.; Graphic Partners, Inc.; Genesis Press, Inc.; and Johns-Byrne Company) would be beneficial. Further, the plaintiff believes that mediation between the manufacturers (i.e., Eastman Kodak Company and Heidelberg USA, Inc.) would be beneficial after the disclosures under made pursuant to LPR 2.4 (set for June 24, 2010). If the initial mediation talks are not fruitful, then the plaintiff would propose another round of mediation with all parties shortly after any Markman rulings. Defendants contend that settlement and/or mediation is premature at this time, but are willing to consider settlement and/or mediation sessions at appropriate times during the litigation.

N. The parties have not consented to trial before a magistrate.

O. The parties agree to complete the process of "Document Disposal" as set forth in Paragraph 8 of the Protective Order in this case within sixty (60) calendar days after the finality of the order, judgment or decree finally disposing of this action, including the expiry of the time for any appeals therefrom.

P. Kodak contends that the provisions in this document and the Report of the Parties should not apply should the Court transfer the case against Kodak to the United States District Court for the Western District of New York, and that the local rules, practice, and procedure of that other court should instead apply instead.

Dated:  May 5, 2010                              Respectfully submitted,

                                                               FLOYD & BUSS LLP

                                          By:  */s/ Nicholas A. Schuneman*

FLOYD & BUSS LLP                            Nicholas A. Schuneman
5113 Southwest Parkway, Suite 140        Counsel for Plaintiff
Austin, TX  78735                           Spread Spectrum Screening LLP
(512) 681-1500
(512) 681-1590 (fax)
nschuneman@fblawllp.com

                                              CROWELL & MORING LLP

                                        By:  */s/ Brian M. Koide*

CROWELL & MORING LLP               Brian M. Koide
1001 Pennsylvania Avenue, NW          Counsel for Defendant
Washington, DC  20004                 Eastman Kodak Company
(202) 624-2500
bkoide@crowell.com

                                           LOCKE LORD BISSELL & LIDDELL LLP

                                        By:  */s/ Steven F. Meyer*

LOCKE LORD BISSELL & LIDDELL LLP    Steven F. Meyer
Steven F. Meyer                               Counsel for Defendants
111 South Wacker Drive                  Heidelberg USA, Inc., Hafner Printing
Chicago, IL  60606                        Company and Genesis Press, Inc.
(312) 443-0700
(323) 443-0336 (fax)
smeyer@lockelord.com

                                           HOLLAND & KNIGHT LLP

                                        By:  */s/ Mitchell Herbert, Jr*

HOLLAND & KNIGHT LLP                Mitchell Herbert, Jr.
131 South Dearborn Street, 30th Floor      Counsel for Defendant
Chicago, IL  60603                        Continental Web Press, Inc.
(312) 263-3600
(312) 578-6666 (fax)
mitchell.herbert@hklaw.com

| | |
|---|---|
| | HUSCH BLACKWELL SANDERS LLP<br>WELSH KATZ<br><br>By: */s/ Michele S. Katz*<br>  Michele S. Katz<br>  Counsel for Defendant<br>  Graphic Partners, Inc. |
| HUSCH BLACKWELL SANDERS LLP<br>WELSH KATZ<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br>(312) 655-1500<br>(312) 655-1501 (fax)<br>michele.katz@huschblackwell.com | |
| | MUCH SHELIST DENEBERG AMENT AND<br>RUBENSTEIN P.C.<br><br>By: */s/ John H. Ward*<br>  John H. Ward<br>  Counsel for Defendant<br>  Johns-Byrne Company |
| MUCH SHELIST DENEBERG AMENT<br>AND RUBENSTEIN P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>(312) 521-2000 (fax)<br>jward@muchshelist.com | |

CERTIFICATE OF SERVICE

  I hereby certify that on May 5, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system pursuant to General Order 09-014, and served electronically through ECF upon all attorneys of record.

            */s/ Dawn Crider*
            Paralegal
            Floyd & Buss LLP