IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPREAD SPECTRUM SCREENING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1101 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| EASTMAN KODAK COMPANY; HEIDELBERG | ) | |
| USA, INC.; HAFNER PRINTING COMPANY, | ) | |
| INC., CONTINENTAL WEB PRESS, INC.; | ) | |
| GRAPHIC PARTNERS, INC.; and JOHNS- | ) | |
| BYRNE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Spread Spectrum Screening LLC, filed the instant action for infringement of its

U.S. Patent No. 5,689,623 ("the '623 patent") against Eastman Kodak Company ("Kodak"),

Heidelberg USA, Inc. ("Heidelberg"), Hafner Printing Company, Inc. ("Hafner"), Continental

Web Press, Inc. ("Continental"), Graphic Partners, Inc. ("Graphic"), Genesis Press,

Inc.("Genesis"), and Johns-Byrne Company ("Johns-Byrne"). In its complaint, plaintiff alleges

that Kodak, Continental, Graphic, Genesis, and Johns-Byrne infringe the '623 patent by making,

using, or selling Kodak Staccato® products software. Plaintiff further alleges that Heidelberg

and Hafner infringe the '623 patent by making, using, or selling Heidelberg Prinect® workflow

software. Finally, plaintiff alleges that joining these defendants in one action is proper because

Kodak Staccato® products software and Heidelberg Prinect® workflow software both infringe

the '623 patent by integrating second order FM screening products into their respective software.

Kodak has now moved to sever the claims against Heidelberg and Hafner because the

claims against those companies do not arise from a common transaction or occurrence. Further,

Kodak has moved to sever the claims against Continental, Graphic, Genesis, and Johns-Byrne as

peripheral defendants, stay the actions against the peripheral defendants pending the outcome of the action against Kodak, and transfer the instant action to the United States District Court for the Western District of New York in Rochester, New York pursuant to 28 U.S.C. § 1404(a). Genesis and Graphic have joined Kodak's motion to stay the action against each of them pending the outcome of plaintiff's action against Kodak. For the reasons stated below, Kodak's motion to sever the claims against Heidelberg and Hafner is granted. Further, Kodak's motion to sever and stay the claims against Continental, Graphic, Genesis, and Johns-Byrne pending the outcome of plaintiff's action against Kodak, and the motion to transfer plaintiff's action against Kodak to the Western District of New York is granted.

## BACKGROUND

Plaintiff, Spread Spectrum is a Florida Corporation with its principal place of business in California and is the assignee of the '623 patent. Kodak is a New Jersey Corporation with its principal place of business in Rochester, New York. Heidelberg is a Delaware Corporation with its principal place of business in Kennesaw, Georgia. Continental, Graphic, Genesis, Johns-Byrne, and Hafner are Illinois Corporations with their principal places of business in the Northern District of Illinois.

Kodak makes, uses, and licenses the allegedly infringing software, Kodak Staccato® products, and has licensed it to Continental, Graphic, Genesis, and Johns-Byrne. Heidelberg makes, uses, and licenses the allegedly infringing software, Prinect® workflow, and has licensed it to Hafner. Continental, Graphic, Genesis, Johns-Byrne, and Hafner are licensed to use, and use, allegedly infringing software.

## DISCUSSION

2

## I.    Motion to Sever

### A.  Claims Against Kodak from the Claims Against Heidelberg

In the instant case, plaintiff's action is against Kodak for its Staccato® product software and against Heidelberg and Hafner's Prinect® workflow software.  Kodak moves to sever the claims against Kodak from the claims against Heidelberg and Hafner.

Under 20 Fed. R. Civ. P. 20(a), parties may be joined as defendants "where the claims arise out of the same transaction or occurrence or the same series of transactions or occurrences and where common questions of law or fact are presented. *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (quoting *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980)).  In the instant case, plaintiff argues that both the Kodak Staccato® product software and the Heidelberg Prinect® workflow software were developed from the same Harlequin Dispersed Screening.  Plaintiff, however, does not dispute that Kodak and Heidelberg are business competitors of one another.

Although Kodak and Heidelberg have both allegedly infringed the '623 patent, this does not conclusively establish that the actions arise from a common transaction or occurrence. *Androphy*, 31 F. Supp. 2d at 623.  In fact, joinder is often improper where two competing businesses have allegedly infringed the same patent by selling different products. *Id.*; *Magnavox Co.*, 496 F. Supp. at 34.   In the instant case, the causes of action against Kodak and Heidelberg are arguably related only because they are derived from the '623 patent.  The accused infringing software, other evidence and witnesses are all different and unique in the actions against Kodak and Heidelberg.  Therefore, because plaintiff's action is against Kodak for its Staccato® product and is against Heidelberg and Hafner's Prinect®, two competing products, Kodak and

Heidelberg and Hafner are improperly joined as defendants. Consequently, pursuant to Fed. R. Civ. P. 21, this court severs plaintiff's claims against Kodak from those against Heidelberg and Hafner.

B. Claims Against Kodak from Claims Against Kodak's Customers

Plaintiff's infringement action against Kodak alleges that Kodak's Staccato® product infringes the '623 patent and that Kodak contributes to its licensees' infringement by licensing Staccato® to other printing companies. Plaintiff also alleges that Continental, Graphic, Genesis, and Johns-Byrne (collectively "Kodak's Customers") infringe the '623 patent by using Kodak's Staccato® product.

Kodak moves to sever plaintiff's claims against Kodak from the claims against Kodak's Customers, and stay the instant action against Kodak's Customers pending resolution of plaintiff's action against Kodak for making and licensing the allegedly infringing Staccato® product. Kodak argues that Kodak's Customers are "peripheral" defendants that have been selected in the instant action to establish proper venue in this court. This court has held that such joinder of "peripheral" defendants to prevent the transfer of an action to a more appropriate venue is improper. *Ambrose v. Steelcase, Inc.*, 2002 WL 1447871, at *6–7 (N.D. Ill. July 3, 2002); *Burroghs Corp. v. Newark Electronics Corp.*, 317 F. Supp. 191, 193 (N.D. Ill. 1970). Kodak's Customers actually represent less than one-half percent of the total number of Staccato® product licenses issued by Kodak in the United States. Conveniently, they are also all located in the Northern District of Illinois.

Kodak's Customers will add nothing to plaintiff's infringement action against Kodak, and it is obvious that plaintiff has attempted to establish proper venue in the Northern District of

Illinois by adding Kodak's Customers to the instant action. Because the only significant reason plaintiff has joined Kodak's Customers in its action against Kodak is to establish proper venue in the Northern District of Illinois, Kodak's Customers are merely "peripheral." These defendants purchased a license for a software product from Kodak. Of course, if the action against Kodak proceeds and Kodak's Staccato® product is found to have infringed the '623 patent, and each of Kodak's Customers are found to have used Staccato® in their processes, they will also have infringed the '623 patent. However, because Kodak's Customers merely use a Kodak product, they have nothing substantive to offer during plaintiff's action against Kodak and likely do not even understand how the product software actually works and will not be helpful to determine whether Kodak's Staccato® product infringes the '623 patent. Consequently, they are merely peripheral to the litigation between plaintiff and Kodak. For these reasons, Kodak's motion to sever plaintiff's claims against Kodak from plaintiff's claims against Kodak's Customers is granted.

## II.     Motion to Transfer

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The court may transfer a case to another district when "(1) venue is proper in this district; (2) venue [and jurisdiction] are proper in the transferee district; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interest of justice." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp.2d 908, 913 (N.D. Ill. 2009) (quoting *Gueorquiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill.

2007)).  In the instant case, the parties dispute only whether the third and fourth elements are satisfied.

    A.  <u>The Transferee District is More Convenient for Both Parties and Witnesses</u>

To determine the convenience of one venue over another, courts evaluate the following five factors: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v. Mobile Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

    1.    <u>Plaintiff's choice of forum</u>

Generally, the plaintiff's choice of forum is given great weight when the chosen forum is the plaintiff's home forum.  *Brandon Apparel Group, Inc., v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).  However, when the plaintiff's chosen forum is not its home forum and the chosen forum lacks significant contact with the cause of action, the plaintiff's choice of forum is merely one of several factors analyzed to determine convenience.  *Ambrose*, 2002 WL 1447871, at *2.

Kodak persuasively argues that the Northern District of Illinois is not plaintiff's home forum, nor Kodak's home forum, and is available only because of the actions taken by Kodak's Customer defendants in the Northern District of Illinois.  Because the Northern District of Illinois is not the plaintiff's home forum, plaintiff's choice of forum is entitled to little weight and is not a significant factor in determining whether the transferee district is more convenient to both parties and witnesses.

2.      The situs of the material events

Another factor courts considers when evaluating whether to transfer an action to another venue is the situs of the material events. *Ambrose*, 2002 WL 1447871, at *2. In the instant action, plaintiff argues that Kodak sold Staccato® product to Kodak's Customers and that Kodak's Customers use Staccato® products in the Northern District of Illinois. However, as indicated above, plaintiff's claims against the Kodak's Customers have been severed from plaintiff's claims against Kodak. Further, neither plaintiff nor Kodak has argued that the situs of material events of plaintiff's action against Kodak were located in the Northern District of Illinois or the Western District of New York. Therefore, the situs of material events is not a significant factor in determining whether the transferee district is more convenient to both parties and witnesses.

3.      The relative ease of access to the source of proof

In an action for patent infringement of a method for manipulating computer readable memory, the most important sources of proof are the data, records, and the source code that manipulates the computer readable memory. In the instant case, all such proof, if anywhere in the United States, is located in Rochester, New York, Kodak's headquarters.

Plaintiff argues that the products produced using Staccato® product software will be material proof of infringement, and that the products created by Kodak's Customers are located in the Northern District of Illinois. Liability issues, however, drive litigation. *Ambrose*, 2002 WL 1447871, at *3. Here, Kodak's actions to create and use or sell its Staccato® product software will establish liability. Further, the actions against Kodak have been severed from the actions against Kodak's Customers, and Kodak's Customers' products are not infringing

products if the method used to produce them does not infringe the method patent in issue.

Therefore, because all of the sources of proof of Kodak's potential liability are located in

Rochester, the relative ease of access to the source of proof in the instant action favors transfer to

the Western District of New York.

4.     <u>The convenience of the parties</u>

In evaluating the convenience of the parties, the court considers their residences.

*Ambrose*, 2002 WL 1447871, at *4. In the instant action, plaintiff is a Florida Corporation with

its principal place of business in California, and plaintiff's council is located in Texas. Kodak is

located in Rochester, New York, and Kodak's Customers are all conveniently located in Illinois.

Because the court has severed plaintiff's claims against Kodak from plaintiff's claims against

Kodak's Customers, the court must look to the convenience of Kodak and plaintiff in litigating

this matter here or in Rochester, New York.

Plaintiff argues that the expense of traveling to Rochester from either Texas or California

is much greater and less convenient than traveling to Chicago. They have attached flight cost

information from several airlines to demonstrate their point. Plaintiff's has provided examples

of the cost to travel from various party locations to both Chicago and Rochester. If this were a

persuasive factor, the price of airline tickets would determine the most convenient venue for all

litigation, a result this court is hesitant to reach.

Obviously, it would be more convenient for Kodak to transfer the instant action to

Rochester, its home city. Many, if not all of Kodak's employees, records, and information are

located in Rochester, or travel to Rochester periodically. Additionally, as explained above,

plaintiff has not sufficiently demonstrated why it would be much less convenient to travel to

Rochester from Texas or California rather than traveling to Chicago. Therefore, the convenience of the parties favors transfer.

5.   The convenience of the witnesses

Plaintiff further argues that the Western District of New York would not have jurisdiction over third-party defendant witnesses located in Chicago if the case against Kodak is transferred. This is irrelevant because liability drives litigation, and plaintiff's claims against Kodak's Customers have been severed from the instant action. *Ambrose*, 2002 WL 1447871, at *3. If Kodak's product is found to infringe the '623 patent, then Kodak's Customers using the product will infringe as well. However, use of the infringing product is not dispositive of whether the product does not infringe. If Kodak makes in or imports the product to Rochester, that act alone is sufficient to demonstrate infringement if the product infringes the '623 patent. Testimony from Kodak's Customers will not be necessary because plaintiff can obtain records of all Kodak's Customers from Kodak's records in Rochester.

Kodak has demonstrated that all of the witnesses relevant to the alleged infringement have some connection to Rochester, whether they travel there for business or are located there permanently. It contends that the relevant witnesses are the Kodak employees who created, oversaw those who the created, marketed, or sold the Staccato® product. This argument is more persuasive than plaintiff's third-party convenience argument because the developers of Staccato® are necessary witnesses in determining Kodak's liability, while the third-party licensees are not. Therefore, the convenience of the witnesses favors transfer.

B. <u>Interest of Justice</u>

Section 1404(a) also provides that transfer must be "in the interest of justice." 28 U.S.C. § 1404(a). The likelihood of a speedy trail, possibility of consolidation, and the court's familiarity with particular law are factors to consider when determining whether transfer would be in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Additionally, the relationship of the community to the litigation and the desirability of resolving disputes in their location are other factors that determine the interest of justice. *Enerqaire Corp. v. E.S. Originals, Inc.*, 1999 WL 1018039, at *4 (N.D. Ill. Nov. 2, 1999).

In the instant action, plaintiff argues that the docket in the Northern District of Illinois is much less congested than the docket in the Western District of New York. Plaintiff notes that the median time to trial in the Northern District of Illinois is just over two years, while the average time to trial in the Western District of New York is over five years. Kodak argues that litigation in the Western District of New York would be faster because plaintiff's action here includes Heidelberg. Plaintiff's action against Heidelberg will be delayed significantly because of discovery issues that relate to documents located with Heidelberg's German parent in Germany. This argument is moot because the action against Kodak has been severed from the action against Heidelberg. Although the docket in the Northern District of Illinois may have a faster average time to trial than the Western District of New York, each lawsuit is unique. Therefore, the average time to trail is not dispositive on the issue regarding the likelihood of a speedy trail.

Plaintiff also argues that the Northern District of Illinois is better equipped to handle patent law actions than the Western District of New York, noting that the Northern District of

Illinois is the fifth most popular court for patent litigation and it has specific local patent rules. Kodak argues that all federal district courts have subject matter jurisdiction over patent cases and are equally equipped to handle such actions. This factor is does not favor granting or denying transfer.

Plaintiff argues that the citizens of the Northern District of Illinois have an interest in this case because Kodak's actions have given rise to causes of action against Kodak's Customers in Chicago. This is a weak argument initially, and it is an even weaker argument now because the court severed the claims against Kodak and the claims against Kodak's Customers and granted a stay of the claims against Kodak's Customers. Because Kodak has a stronger connection to the Western District of New York and plaintiff does not have a connection to either district, the citizens of the Western District have a much stronger interest in plaintiff's action against Kodak than the citizens of the Northern District of Illinois. This final factor of the interest of justice determination is perhaps the most dominant in this evaluation.

Therefore, the interest of justice favors transferring plaintiff's action against Kodak to the Western District of New York.

## CONCLUSION

For the foregoing reasons, the court grants Kodak's motion to sever the claims against Kodak and the Kodak's Customers (Continental, Graphic, Genesis, and Johns-Byrne) from the claims against Heidelberg and Hafner. The court also grants Kodak's motion to stay the action against Kodak's Customers (Continental, Graphic, Genesis, and Johns-Byrne) pending the outcome of its action against Kodak. Finally, Kodak's motion to transfer venue to the Western District of New York with respect to plaintiff's action against Kodak is also granted. This matter

is set for a report on the status with respect to plaintiff's claims against Heidelberg and Hafner

on October 6, 2010, at 9:00 a.m.

**ENTER:**      **September 1, 2010**

_____
Robert W. Gettleman
United States District Judge